# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
THOMAS LINDSTADT

                Plaintiff,

-against-

RIVERSIDE CENTER PARCEL 2 BIT ASSOCIATES, LLC,
TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
THE DERMOT COMPANY, INC.
DERMOT REALTY MANAGEMENT COMPANY, INC.,
DERMOT RIVERSIDE PARCEL 2, LLC,
RIVERSIDE CENTER SITE 5 OWNERS, LLC,
SILVERSTEIN PROPERTIES, INC.
SILVERSTEIN DEVELOPMENT CORPORATION,
LARRY A. SILVERSTEIN, AS AN INDIVIDUAL,
EL AD US HOLDING, INC.,
ELAD GROUP, LTD,
EL AD RIVERSIDE, LLC,
NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK,

                Defendant(s).
----------------------------------------X

Index No.:
***SUMMONS***

Plaintiff designates
New York
County as the place of trial.

The basis of venue is the
Defendants do business

Plaintiff's address:
80 First Ave, Kings Park, NY

To the above named Defendant(s)

      **YOUR ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or; if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete, if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Irvington, New York
July 29, 2015

                D'AMBROSIO & D'AMBROSIO, P.C.
                Attorneys for Plaintiff
                Office and Post Office
                42 Main Street
                Irvington, New York 10533
                (914) 591-5400

                By: _____
                James J. D'Ambrosio

To: Defendant(s) addresses    see attached rider

Defendants Addresses:

To: RIVERSIDE CENTER PARCEL 2 BIT ASSOCIATES LLC
c/o The Dermot Company
727 Seventh Avenue
New York, New York 10019

TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
100 Park Ave
New York, New York 10017

THE DERMOT COMPANY INC.
DERMOT REALTY MANAGEMENT COMPANY INC.,
DERMOT RIVERSIDE PARCEL 2, LLC,
727 Seventh Avenue
New York, New York, 10019

RIVERSIDE CENTER SITE 5 OWNERS LLC
C/O El AD Group
575 Lexington Avenue, 23rd floor
New York, New York 10022

SILVERSTEIN PROPERTIES INC.
SILVERSTEIN DEVELOPMENT CORP.
LARRY A. SILVERSTEIN, AS AN INDIVIDUAL
7 World Trade Center
250 Greenwich Street
New York, New York, 10007

EL AD US HOLDING, INC.
EL AD GROUP, LTD
EL AD RIVERSIDE MGN LLC
575 Lexington Avenue, 23rd Floor
New York, New York 10022

NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK
50 Massachusetts Av.
Washington DC 20002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------------x    Index No.

THOMAS LINDSTADT,

                    Plaintiff,

- against -

RIVERSIDE CENTER PARCEL 2 BIT ASSOCIATES, LLC,
TISHMAN CONSTRUCTION CORPORATION OF NEW YORK,
THE DERMOT COMPANY, INC.
DERMOT REALTY MANAGEMENT COMPANY, INC.,
DERMOT RIVERSIDE PARCEL 2, LLC,
RIVERSIDE CENTER SITE 5 OWNERS, LLC,
SILVERSTEIN PROPERTIES, INC.
SILVERSTEIN DEVELOPMENT CORPORATION,
LARRY A. SILVERSTEIN, AS AN INDIVIDUAL,
EL AD US HOLDING, INC.,
EL AD GROUP, LTD,
EL AD RIVERSIDE LLC,
NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK,

                            Defendants.

**COMPLAINT**

---------------------------------------------------------------------------x

Plaintiff, Thomas Lindstadt, by his attorneys, D'Ambrosio & D'Ambrosio, P.C., as and for his Complaint against the Defendants, upon information and belief, hereby alleges as follows:

### THE PARTIES ("RIVERSIDE 2")

1. At all times hereinafter mentioned, plaintiff is a resident of the State of New York.

2. At all times hereinafter mentioned, defendant Riverside Center Parcel 2 Bit Associates, LLC ("Riverside 2") is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware, authorized to do business and doing business in the State of New York.

3. At all times hereinafter mentioned, defendant Riverside 2 owned the premises known as 21 West End Avenue, New York, New York 10069.

3. At all times hereinafter mentioned, defendant Riverside 2 owned the premises known as 21 West End Avenue, New York, New York 10069.

4. At all times hereinafter mentioned, defendant Riverside 2 operated the aforementioned premises.

5. At all times hereinafter mentioned, defendant Riverside 2 maintained and managed the aforementioned premises.

6. At all times hereinafter mentioned, defendants, The Dermot Company, Inc., Dermot Realty Management Company Inc., and Dermot Riverside Parcel 2, LLC., (collectively referred to herein as "Dermot") are corporations, duly organized and existing under and by virtue of the laws of one of the States of The United States and are authorized to do business and are doing business in the State of New York.

7. At all times hereinafter mentioned, defendant Dermot owned the aforementioned premises.

8. At all times hereinafter mentioned, defendant Dermot operated and controlled the aforementioned premises.

9. At all times hereinafter mentioned, defendant Dermot maintained and managed the aforementioned premises.

### THE PARTIES ("RIVERSIDE 5")

10. At all times hereinafter mentioned, defendant Riverside Center Site 5 Owner LLC (Collectively referred to herein as "Riverside 5") is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware, authorized to do business and is doing business in the State of New York.

11. At all times hereinafter mentioned, defendant Riverside 5 owned the premises known as 1-15 West End Avenue, New York, New York 10023.

12. At all times hereinafter mentioned, defendant Riverside 5 operated and controlled the aforementioned premises.

13. At all times hereinafter mentioned, defendant Riverside 5 maintained and managed the aforementioned premises.

14. At all times hereinafter mentioned defendants El Ad US Holding Inc., El Ad Group LTD, El Ad Riverside LLC, (Collectively referred to herein as "El Ad") are corporations, duly organized and existing under and by virtue of the laws of one of the States of the United States and are authorized to do business and are doing business in the State of New York.

15. At all times hereinafter mentioned, defendant El Ad owned the aforementioned premises.

16. At all times hereinafter mentioned, defendant El Ad operated and controlled the aforementioned premises.

17. At all times hereinafter mentioned, defendant El Ad maintained and managed the aforementioned premises.

18. At all times hereinafter mentioned, defendants Silverstein Properties Inc., and Silverstein Development Corp. (Collectively referred to herein as "Silverstein") are corporations, duly organized and existing under and by virtue of the laws of one of the States of the United States and are authorized to do business and are doing business in the State of New York.

19. At all times hereinafter mentioned, defendant Silverstein owned the aforementioned premises.

20. At all times hereinafter mentioned, defendant Silverstein operated and controlled the aforementioned premises.

21. At all times hereinafter mentioned, defendant Silverstein maintained the aforementioned premises.

22. At all times hereinafter mentioned, defendant Larry Silverstein owned, operated, controlled, maintained and managed the aforementioned premises.

23. At all times hereinafter mentioned, defendant Tishman Construction Corporation of New York ("Tishman") is a corporation, duly organized and existing under and by virtue of the laws of the one of the States of the United States and is authorized to do business and doing business in the State of New York.

24. At all times hereinafter mentioned, defendant Tishman was acting as the general contractor and/or construction manager with respect to construction being performed at the aforementioned premises known as Riverside 2 and Riverside 5..

25. At all times hereinafter mentioned, defendant Tishman was the statutory agent and agent for the aforesaid defendant owners of both premises and was in all respects responsible for managing and supervising the construction job and performance of work at the aforementioned premises.

26. Defendant National Railroad Passenger Corporation a/k/a Amtrak, ("Amtrak") is a corporation engaged in the operation of intercity passenger rail service, is authorized to do business in New York and maintains an office in New York, located at 8th Avenue 31st Street/8th Avenue 33rd Street, New York, New York 10001.

27. At all times, Amtrak owned, operated and controlled the property and the railroad tracks running in, through, beneath and below the premises located at 21 West End Avenue, New York, New York, and 1-15 West End Avenue, New York, New York, otherwise known as Riverside Center Building 2 and Riverside Center Building 5.

## THE UNDERLYING FACTS

28. At all times hereinafter mentioned, plaintiff was employed by Peter Scalamandre & Sons, Inc. (Scalamandre)

29. On or about December 4, 2014, plaintiff was lawfully on the aforementioned premises within the scope of his employment with Scalamandre, performing construction work as defined by the Labor Law of the State of New York.

30. That on or about December 4, 2014 while acting within the scope of his employment at the construction site as aforesaid, the Plaintiff was caused to be injured when he fell approximately 20 feet from a wall.

30. The fall and resulting injuries was solely a result of defendants' recklessness, carelessness and negligence, without any negligence on the part of the Plaintiff contributing thereto.

31. An incident report regarding the occurrence was prepared.

32. The amounts sought herein exceed the jurisdiction of the lower courts.

5

## AS AND FOR A FIRST CAUSE OF ACTION

33. Defendants, their agents, servants and/or employees, were reckless, careless and negligent in failing and omitting to properly shore, construct, equip, guard, arrange, operate and conduct the construction activities at the construction site as aforesaid, so as to provide reasonable and adequate protection and safety to the persons so employed therein, and more particularly to the Plaintiff herein; in failing to provide plaintiff with a safe place to work; in failing to provide the Plaintiff and the workers at the construction site thereat, with adequate, ample, and proper scaffolding, hoists, and ladders so as to perform their labor; in failing to properly supervise the work being performed; in failing to properly coordinate the work being performed; in failing to have properly trained personnel; in failing to have efficient and sufficient personnel; in failing to segregate or barricade the area; in creating a trap, hazard and nuisance; in failing to warn; in providing plaintiff with defective and dangerous safety equipment; in failing to inspect the area; in failing to have proper equipment; in failing to properly inspect equipment; in failing, omitting and violating all applicable laws, rules and regulations, including Sections 200, 240 and 241(6) of the New York State Labor Law; in failing, omitting and violating Rule 23 and all other applicable sections and provisions of the Industrial Code and each named defendant was otherwise reckless, careless and negligent in their ownership, management, operation and supervision.

34. As a result of defendants' negligence, plaintiff was caused to suffer severe and permanent personal injuries and fractures and derangement to his sacrum; right radius, right wrist; injuries to his hips, neck, arm, forearm, back including Lumbago, Thoracic and Lumbosacral neuritis and radiculitis and other parts of the body, myofascial pain syndrome; abdominal contusion and pelvic pain; elbow contusion; required hospital and medical care and attention and

6

will require such care and attention in the future; required surgery and will require surgery in the future, required and will continue to require physical therapy; extreme pain and suffering; mental anguish and distress; substantially and permanently disabled; unable to attend to his usual duties and vocation; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

35. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

36. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

38. Defendants violated Sections 200, 240 and 241(6) of the Labor Law and the rules promulgated thereunder.

39. Among other things, defendants failed to provide plaintiff with a safe place to work; failed to have efficient and sufficient personal; failed to properly supervise the work, failed to coordinate the work; failed to warn of any danger; failed to segregate or barricade the area; created a trap, hazard and nuisance; failed to have properly trained personnel; failed to provide plaintiff with proper safety equipment; provided plaintiff with defective and dangerous equipment; failed to properly train the plaintiff, failed to inspect the area; failed to have proper equipment; failed to properly inspect equipment; and otherwise violated Sections 200, 240 and 241(6) of the Labor Law, and the rules and regulations promulgated thereunder, including 12

NYCRR 23-1.5;(a)(b); 1.7(a); 1.23(a)(b)(c)(d): 4.1(a)(b); 4.2(a)(b)(c)(d)(e)(f)(g)(h)(i)(j)(k)(l);4.4(a) (b) (c)(d)(e)(f)(g)(h)(i); 4.5(a)(b)(c)(d)(e)(f)(g)(h)(i)(j)(k) and other applicable regulations.

40. By reason of the foregoing, plaintiff was caused to suffer severe and permanent personal injuries as set forth above.

41. By reason of the foregoing, the defendants are strictly liable to the plaintiff for all of the injuries he has suffered as set forth above.

42. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

43. By reason of the foregoing, plaintiff is entitled to receive all of his damages from the defendants.

WHEREFORE, plaintiff demands judgment against each of the defendants, jointly and severally, to recover for all of his damages, together with interest, costs and disbursements of this action.

Dated: July 31, 2015
       Irvington, New York

D'AMBROSIO & D'AMBROSIO, P.C.
Attorneys for Plaintiff
42 Main Street
Irvington, New York 10533
(914) 591-5400

By: _____
    James J. D'Ambrosio

8

# Exhibit B

**Jelena Brigida**

**From:** Sander Rothchild [rothchilds@fcllp.com]
**Sent:** Thursday, September 17, 2015 5:10 PM
**To:** Jelena Brigida
**Cc:** Alexander S. Johnson; Kenneth J. Kutner
**Subject:** LINDSTADT, THOMAS V. SILVERSTEIN PROPERTIES, LLC. (CLAIM#4293068881US) 753.37617:

Jelena:

As per our conversation, you have our consent to remove this matter to federal court on behalf of the following defendants: Tishman Construction Corporation of New York, Riverside Center Site 5 Owners, LLC, Silverstein Properties, Inc., Silverstein Development Corporation, Larry A Silverstein, as an individual, El Ad US Holding, Inc., ELAD Group Ltd. and El Ad Riverside LLC.

Thanks.

Sander N. Rothchild, Esq.
Managing Partner
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
Tel: 212-644-4420 Ext. 243
Fax: 212-207-8182
E-mail: rothchilds@fcllp.com

This email is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, protected by the attorney/client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender by return e-mail or by phone at 212-644-4420, immediately, and delete all copies from your computer system without reading, saving, or using it in any manner. Any personal message expresses the views only of the sender alone, are not to be attributed to Fabiani Cohen & Hall, LLP, and may not be copied or distributed without this statement.